Carol Lynn Finklehoffe. CA Bar No. 220309
LIPCON MARGULIES & WINKLEMAN
One Biscayne Tower, Suite 1776
Miami, FL 33131
Tel: 305-373-3016
Fax: 305-373-6204
Email: cfinklehoffe@lipcon.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELYN POLEN, <br><br> Plaintiff, <br><br> vs. <br><br> PRINCESS CRUISE LINES, LTD., a corporation for profit. <br><br> Defendant. | CASE NO: <br><br> **PLAINTIFF'S COMPLAINT** <br><br> **AND DEMAND FOR JURY TRIAL** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JACQUELYN POLEN, brings this action individually. This action is brought against Defendant PRINCESS CRUISE LINES, LTD., (hereinafter "PRINCESS"), a for profit corporation, for personal injuries sustained by Plaintiff JACQUELYN POLEN. Plaintiff, JACQUELYN POLEN, seeks damages and demands a jury trial on all issues so triable against Defendant PRINCESS.

## **Jurisdiction**

1. This action is an action under general maritime law and the laws of California, as applicable.

2. The matter in controversy exceeds, exclusive of interests and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

3. This action is being pursued in this Court, as opposed to state court as otherwise allowed by the Saving to Suitors Clause of 28 U.S.C. §1333, because PRINCESS unilaterally inserts a forum selection clause into its cruise tickets that requires its passengers to file cruise-related suits *only in this federal district and division,* as opposed to any other place in the world.

4. Defendants PRINCESS, at all times material hereto, personally or through an agent:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

   b. Was engaged in substantial activity within this state;

   c. Operated vessels in the waters of this state;

   d. Purposefully availed themselves of the benefits of conducting activities in California by purposefully directing their activities toward the state, thereby obtaining the benefits and protections of the state's laws;

2

Plaintiff's Complaint and Demand for Jury Trial

    e.    The acts of the Defendant set out in this Complaint occurred in whole or in part in this state and/or county;

    f.    The cruise line ticket for the Plaintiff requires that suit be brought in this Court against the named Defendant in this action.

5. The causes of action asserted in this Complaint arise under General Maritime Law of the United States.

### The Parties

6. Plaintiff was and is a resident of New Jersey.

7. At all times material, PRINCESS was and is a for profit corporation with its worldwide headquarters, principal address and principal place of business located in the County of Los Angeles.

8. At all times material, Defendant PRINCESS was and is a common carrier engaged in the business of marketing, selling and operating a cruise line out of various ports throughout the world including, Los Angeles, California and Fort Lauderdale, Florida.

9. At all times material, Defendant PRINCESS derived substantial revenue from cruises originating and terminating in various ports throughout the world including, Los Angeles, California and Fort Lauderdale, Florida.

10. At all times material, Defendant PRINCESS operated, managed, maintained, supervised, chartered, and/or controlled the large commercial vessel *Majestic Princess*.

11. At all times material, PRINCESS transported fare-paying passengers on cruises aboard its vessel *Majestic Princess*.

## General Allegations Common to All Counts

12. At all times material, the Plaintiff was a fare paying passenger and lawfully aboard the vessel *Majestic Princess*.

13. On or about November 6, 2021, the Plaintiff was severely injured when she slipped/tripped and fell on uneven, unsafe and/or hazardous threshold located in Plaintiff's cabin restroom.

14. The hazardous and dangerous condition of the subject threshold was not open or obvious, nor were there any warning or precautions provided to the Plaintiff.

15. As a result of the negligence of Defendant PRINCESS, Plaintiff sustained serious, permanent and debilitating injuries, including but not limiting to, a broken right ankle requiring surgery.

## COUNT I

## NEGLIGENT FAILURE TO WARN AGAINST DEFENDANT

Plaintiff hereby incorporates by reference, as though fully set forth herein, paragraphs 1 through 15, and alleges as follows:

16. At all times material, Defendant PRINCESS owed the Plaintiff a non-delegable duty to exercise reasonable care required of an ocean common carrier for the safety of a fare-paying passenger.

17. At all times material hereto, it was the duty of Defendant PRINCESS to

warn passengers, like Plaintiff, of dangers that were known, or reasonably should have been known, to Defendant in places where passengers, like Plaintiff, are invited to or may reasonably be expected to visit.

18. On or about November 6, 2021, the Plaintiff was attempting to exit out of the restroom in her cabin when she slipped/tripped and fell on the uneven, unsafe and/or hazardous threshold. This is a place that Plaintiff was invited to by Defendant PRINCESS and a place Defendant reasonably expected Plaintiff to be in during the cruise.

19. On or about November 6, 2021, Defendant PRINCESS and/or its agents, servants and/or employees breached its duty to warn the Plaintiff through the following acts and/or omissions:

    a. Failure to adequately warn the Plaintiff of the dangerous and/or defective condition(s) of the subject step/stair;

    b. Failure to adequately warn the Plaintiff of the risks and/or dangers associated with the dangerous and/or defective condition(s) of the subject threshold and/or around the subject area of where Plaintiff's fall occurred;

    c. Failure to adequately warn the Plaintiff of the poorly designed condition of the subject threshold;

    d. Failure to adequately warn the Plaintiff of the risks and/or dangers associated with the poorly designed subject threshold and/or

around the subject area of where Plaintiff's fall occurred;

e. Failure to adequately warn the Plaintiff of tripping/slipping hazard(s) on and/or around the subject threshold;

f. Failure to adequately warn the Plaintiff of the risks and/or dangers associated with any tripping/slipping hazard(s) on and/or around the subject threshold;

g. Failure to adequately warn the Plaintiff of the lack of and/or inadequacy of handrails and/or grab bars located on and/or around the subject threshold;

h. Failure to adequately warn the Plaintiff of the risks and/or dangers associated with the lack of and/or inadequacy of handrails and/or grab bars located on and/or around the subject threshold;

i. Failure to adequately warn the Plaintiff of the hazard(s) posed to her, due to improper and/or inadequate, maintenance and/or inspection of the subject threshold;

j. Failure to promulgate and/or enforce adequate policies and procedures to ensure that warning signs are placed on or around tripping hazard(s);

k. Failure to adequately warn the Plaintiff of the lack of promulgated and/or enforced policies and procedures concerning the maintenance and/or inspection of the subject threshold;

l. Failure to adequately warn passengers and the Plaintiff of other trip/slip and fall accidently previously occurring in the same manner, area and/or same flooring surface; and/or

m. Other acts or omissions which are revealed through discovery.

20. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because the Plaintiff's incident would not have occurred had Defendant PRINCESS and/or its agents, servants and/or employee adequately warned and/or communicated the foregoing to the Plaintiff.

21. At all times material hereto, the subject threshold was poorly designed, unreasonably dangerous and/or defective in nature.

22. At all times material hereto, Defendant PRINCESS knew of the foregoing conditions causing the Plaintiff's accident and did not correct them. Defendant PRINCESS' knowledge of the dangerous and/or defective condition(s) was specifically acquired though (a) its design, cleaning and/or inspection of the subject step/stair and/or area prior to this incident and/or (b) prior incidents causing personal injury to Defendant's passengers involving the same or similar threshold and/or thresholds aboard on its vessels, including *Majestic Princess*. Alternatively, the foregoing conditions existed for a sufficient length of time so that Defendant PRINCESS, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

23. As a direct and proximate result of the negligence of Defendant

7

Plaintiff's Complaint and Demand for Jury Trial

PRINCESS, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law against Defendant PRINCESS and demands trial by jury.

## COUNT II

## NEGLIGENT FAILURE TO MAINTAIN AGAINST DEFENDANT

Plaintiff hereby incorporates by reference, as though fully set forth herein, paragraphs 1 through 15, and alleges as follows:

24. At all times material hereto, it was the duty of Defendant PRINCESS to provide Plaintiff with reasonable care under the circumstances.

25. At all times material hereto, it was the duty of Defendant PRINCESS to maintain the subject threshold located in Plaintiff's cabin in a reasonably safe condition.

26. On or about November 6, 2021, Defendant PRINCESS and/or its agents, servants and/or employees breached its duty through the following acts and/or

8

Plaintiff's Complaint and Demand for Jury Trial

omissions:

a. Failure to adequately maintain the subject threshold and/or around the subject area so that it could be used in a reasonably safe manner;

b. Failure to adequately maintain the subject threshold and/or around the subject area so it would be free of dangerous and/or defective conditions;

c. Failure to adequately maintain the subject threshold and/or around the subject area so that it would be free of tripping/slipping hazard(s);

d. Failure to promulgate and/or enforce adequate policies and/or procedures with regard to detecting and preventing incidents, such as Plaintiff's, from occurring on its vessels, including but not limited to the *Majestic Princess*;

e. Failure to correct, eliminate and/or modify the dangerous or hazardous condition(s) which caused the Plaintiff to suffer injuries;

f. Failure to adequately inspect and/or monitor the subject threshold and/or around the subject area so that it could be used in a reasonably safe manner;

g. Failure to adequately inspect and/or monitor the subject threshold and/or around the subject area so it would be free of dangerous and/or defective condition(s);

h. Failure to adequately inspect and/or monitor the subject threshold

9

Plaintiff's Complaint and Demand for Jury Trial

and/or around the subject area so it would be free of tripping/slipping hazard(s); and/or

i. Other acts or omissions which are revealed through discovery.

27. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because the Plaintiff's incident would not have occurred by for Defendant PRINCESS' failure to adequately maintain, inspect and/or monitor the subject area.

28. At all times material hereto, the subject step/stair was poorly designed, unreasonably dangerous and/or defective in nature.

29. At all times material hereto, Defendant knew of the foregoing conditions causing the Plaintiff's accident and did not correct them. Defendant PRINCESS' knowledge of the dangerous and/or defective condition(s) was specifically acquired through (a) its designing, cleaning and/or inspection of the subject step/stair and/or area prior to this incident, and/or (b) prior incidents causing personal injury to Defendant PRINCESS' passengers involving the same or similar step/stair and/or stepping strips aboard on its vessels, including the *Majestic Princess*. Alternatively, the foregoing conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

30. As a direct and proximate result of the negligence of Defendant PRINCESS, Plaintiff was injured about Plaintiff's body and extremities, suffered

physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired. The injures are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments int eh future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law against Defendant PRINCESS and demands trial by jury.

## COUNT III

## **GENERAL MARITIME NEGLIGENCE**

Plaintiff hereby incorporates by reference, as though fully set forth herein, paragraphs 1 through 15, and alleges as follows:

31. At all times material, Defendant PRINCESS owed the Plaintiff a non-delegable duty to exercise reasonable care under the circumstances as required of an ocean common carrier for the safety of a fare-paying passenger.

32. Alternatively, at all material times, Defendant PRINCESS and/or their employees, engaged in certain affirmative undertakings, as hereafter alleged, and in doing so acquired a duty to exercise reasonable care in those undertakings.

33. On or about November 6, 2021, Defendant PRINCESS and/or its agents, servants, joint venturer's and/or employees, breached its duty to provide the Plaintiff

with reasonable care under the circumstances.

34. On or about November 6, 2021, the Plaintiff was injured, due to the fault and/or negligence of Defendant PRINCESS and/or its agent, servants, joint venturers and/or employees, as follows:

    a. Failure to provide its passengers, including the Plaintiff, with reasonable care under the circumstances;

    b. Failure to provide the Plaintiff with reasonably safe threshold;

    c. Failure to provide passengers, including the Plaintiff, with a reasonably safe means of ingress and egress from the cabin restroom;

    d. Failure to provide a reasonably safe place to walk;

    e. Failure to adequately warn the Plaintiff of slipping and/or tripping hazard(s) on and/or around the subject area where Plaintiff's fall occurred;

    f. Failure to maintain the area where the Plaintiff's incident occurred in a reasonably safe manner;

    g. Failure to adequately inspect the area where the incident occurred for dangerous or hazardous conditions;

    h. Failure to promulgate and/or enforce adequate policies and/or procedures with regard to detecting and preventing incidents, such as the Plaintiff's from occurring on its vessels, including but not limited to the *Majestic Princess*;

    i. Failure to correct, eliminate and/or modify the dangerous or hazardous conditions which caused the Plaintiff to suffer her incident;

    j. Failure to adequately warn passengers of other accidents or incidents previously occurring when entering or exiting the cabin restrooms;

    k. Failure to ascertain the cause of prior similar accidents happening so as to take adequate measures to prevent their reoccurrence, and more particularly Plaintiff's incident and/or all of which caused and/or contributed to the Plaintiff becoming injured;

    l. Failure to place warning signs on and/or around the area(s) which presented a slipping/tripping hazard(s);

    m. Failure to promulgate and/or enforce adequate policies and procedures to ensure that warning signs are placed on or around tripping hazard(s);

    n. Other acts or omissions constituting a breach of the duty to use reasonable care under the circumstances which are revealed through discovery.

35. At all material times, Defendant PRINCESS had exclusive custody and control of the subject vessel.

36. The above acts and/or omissions by Defendant PRINCESS and/or its agents, servants and/or employees caused and/or contributed to the Plaintiff being severely injured, as the incident would not have occurred but for the above acts and/or

omissions.

37. At all material times, Defendant PRINCESS had exclusive custody and control of the *Majestic Princess*.

38. At all times material hereto, Defendant PRINCESS knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant PRINCESS in the exercise of reasonable care under the circumstances should have learned of them and corrected them. Defendant PRINCESS' knowledge was or should have been acquired through prior incident(s).

39. As a result of the negligence of Defendant PRINCESS, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefore, incurred medical expenses in the care and treatment of Plaintiff's injuries and suffered physical handicap. The injuries are permanent and continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of his vacation, cruise, and transportation costs.

WHEREFORE the Plaintiff demands judgment for all damages recoverable under the law against the Defendant PRINCESS and demands trial by jury.

### Prayer for Relief

WHEREFORE, the Plaintiff respectfully request the Court enter judgment in her favor and against the Defendant PRINCESS as follow:

1. To enter judgment in favor of the Plaintiff against Defendant PRINCESS on all causes of action as alleged herein;

2. To award compensatory damages in the amount to be ascertained at trial;

3. To award statutory attorney's fees and costs as permitted by law;

4. For prejudgment interest according to proof; and

5. To enter such other and further relief as the Court deems just under the circumstances.

LIPCON MARGULIES & WINKLEMAN

DATED:   April 29, 2022

BY: *s/ Carol L. Finklehoffe*
CAROL L. FINKLEHOFFE
*Attorney for Plaintiff*

### Demand for Jury Trial

Plaintiff JACQUELYN POLEN hereby demands a trial by jury on all claims for relief.

LIPCON MARGULIES & WINKLEMAN

DATED:   April 29, 2022

BY: *s/ Carol L. Finklehoffe*
CAROL L. FINKLEHOFFE
*Attorney for Plaintiff*

---

15
Plaintiff's Complaint and Demand for Jury Trial